UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                              :

DEUTSCHE BANK NATIONAL TRUST    :
COMPANY, AS TRUSTEE FOR THE      :
REGISTERED HOLDERS OF GS           :
MORTGAGE SECURITIES CORPORATION :         22-CV-8996 (VSB)
II, COMMERCIAL MORTGAGE PASS     :
THROUGH CERTIFICATES, SERIES 2012  :         **OPINION & ORDER**
GCJ7, *Acting by and through its Special*  :
*Servicer CWCapital Asset Management LLC*, :

                        Plaintiff,  :

              -against-               :

25 WEST 51 RETAIL LLC, RICHARD    :
WEISFISCH, and "JOHN DOE #1" through :
"JOHN DOE #12," *the last twelve names being* :
*fictitious and unknown to the Plaintiff, the*  :
*persons or parties, if any, having or claiming* :
*an interest in or lien upon the premises*      :
*described in the Complaint*,                   :

                      Defendants. :
------------------------------------------------------------X

Appearances:

Alissa Piccione
Louis Anthony Curcio
Reed Smith LLP
New York, NY
*Counsel for Plaintiff*

Mitchell G. Mandell
Mandell LLC
New York, NY

Adam Brad Sherman
Jacobs P.C.
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me are the motions of (1) Defendants 25 West 51 Retail LLC (the "Borrower" or "Property") and Richard Weisfisch (the "Guarantor," and together with the Borrower, "Defendants"), filed on March 17, 2023, to set aside and vacate the entry of default against them, and (2) Plaintiff Deutsche Bank National Trust Company, as Trustee For the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass Through Certificates, Series 2012-GCJ7 ("Deutsche"), filed on April 10, 2023, for default judgment.  Additionally, on January 9, 2024, ARCPE 1 LLC ("ARCPE") filed a motion to substitute itself as Plaintiff.  I heard oral argument on these motions on April 11, 2024.

After carefully considering the parties' written submissions and oral argument, I conclude that Defendants have failed to demonstrate "good cause" to vacate the default.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Accordingly, their motion to vacate the default is DENIED, and Deutsche's motion for default judgment is GRANTED.[1]  Additionally, ARCPE's motion to substitute is GRANTED.

## I.   Factual & Procedural Background

On or about February 15, 2012, Citigroup Global Markets Realty Corp. ("Citi") loaned $3,000,000 to the Borrower (the "Loan").  (Doc. 1 ("Compl.") ¶ 12.)  The Loan was secured by, among other things, a mortgage encumbering Condominium Unit 1 at 25 West 51st Street, New York, New York (the "Mortgage").  (*Id.* ¶¶ 5, 15.)  The Mortgage was recorded on March 7, 2012.  (*Id.*, Ex. 4.)  In connection with the Loan, the Borrower executed a promissory note

---

[1] Because motions for default judgment and motions to set aside default are resolved using the same standard, "a decision on one of the motions before me is determinative of the other." *Tverdy v. Metro Auto Body Inc.*, No. 20-CV-3153, 2020 WL 7343304, at *1 (E.D.N.Y. Dec. 14, 2020); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (setting aside entry of default judgment and observing that the same factors apply to motion to oppose default judgment).

2

payable to Citi in the amount of $3,000,000 (the "Note"). (*Id.* ¶ 14, Ex. 3.) As security for the Loan, the Guarantor signed a Limited Recourse Guaranty, in which he agreed to pay certain of the Borrower's obligations (the "Guaranty"). (*Id.* ¶ 18, Ex. 8.)

Four months later, Citi assigned its "right, title and interest" in the Loan, Note, and Mortgage to Deutsche (the "Assignment"). (*Id.* ¶ 22, Ex. 11.) The Assignment was recorded on September 10, 2012. (*Id.* ¶ 23, Ex. 11.) Following the Assignment, Borrower missed a year of monthly debt payments, each constituting an event of default under the Loan. (Compl. ¶ 34.) In light of the default, the parties entered into a modification agreement that deferred the missed payments to the Loan's maturity date. (*Id.* ¶¶ 35–36.) The modification agreement provided that "[Deutsche] is the current owner and holder of the [Mortgage and Note] pursuant to assignments and endorsements executed and delivered prior to the date hereof." (*Id.*, Ex. 18 at 1.) However, when the Loan matured, Borrower again failed to repay its debt, including the deferred amounts. (Compl. ¶ 38.) Rather than foreclose on the loan, Deutsche twice agreed to defer payment, ultimately pushing the payment date back to July 6, 2022. (*Id.* ¶¶ 41, 44.) Defendants, however, also missed that deadline. (*Id.* ¶ 45.)

On October 21, 2022, Deutsche filed this foreclosure action. (Compl.) After Defendants failed to respond to the Complaint in a timely manner, the Clerk of Court issued Certificates of Default against Defendant 25 West 51 Retail LLC and Defendant Richard Weisfisch on December 8, 2022, and January 17, 2023, respectively. (Docs. 14, 17.)

On March 17, 2023, Defendants moved to set aside the defaults. (Doc. 25 ("Motion to Set Aside").) On April 10, 2023, Deutsche filed its cross-motion for entry of a default judgment and opposition to the Motion to Set Aside. (Doc. 36 ("Motion for Default Judgment").) On May 19, 2023, Defendants filed their reply in support of their Motion to Set Aside and in opposition

to Deutsche's Motion for Default Judgment. (Doc. 45 ("Reply in Support of Set Aside").) And on June 2, 2023, Deutsche filed its reply in support of its Motion for Default Judgment. (Doc. 47 ("Reply in Support of Default").)

On January 9, 2024, ARCPE filed a motion to substitute itself as Plaintiff. (Doc. 50. ("Motion to Substitute").) The Motion to Substitute is unopposed.

## II.     Discussion

### A.     *Service of Process*

As a threshold matter, Guarantor argues that I lack personal jurisdiction over him because Deutsche failed to properly serve him with process. (Motion to Set Aside at 4.) Before a default can be entered pursuant to Rule 55(a), "the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Allen Wright, et al., Fed. Prac. & Proc. § 2682 (4th ed.) (footnote omitted). Here, Guarantor insists that simply leaving the "summons . . . at the front desk in the lobby of a 47-floor office tower" is inadequate under Rule 4. (Motion to Set Aside at 4.) However, Guarantor's papers ignore or overlook the fact that he was also served through certified mail, in accordance with the terms of the Guaranty. (Compl., Ex. 8 ¶ 24.) *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964) (recognizing that "parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether"); *Nat'l Equip. Rental, Ltd. v. Reagin*, 338 F.2d 759, 761–62 (2d Cir. 1964) (applying *Szukhent* and noting that it "evidences a liberality, limited only by due process considerations, in the judicial treatment of contractual clauses which are inserted by one of the contracting parties for the purpose of obtaining personal jurisdiction over the other in the event that a dispute arises under

4

the contract"). Tellingly, counsel to Guarantor failed to explain at oral argument why service was inadequate under the Federal Rules. (Doc. 62 ("Tr.") at 3:23–4:6.) Because it is undisputed that Deutsche completed service through certified mail on December 7, 2022, (Doc. 16, Ex. B), I conclude that I have personal jurisdiction over Guarantor.

### B. *Motion to Set Aside*

Under Rule 55(c) of the Federal Rules of Civil Procedure, a party may be relieved of default for "good cause." Fed. R. Civ. P. 55(c). While Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp.*, 10 F.3d at 96. In considering these factors, I must be mindful of the Second Circuit's clear preference "that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Accordingly, any doubt as to whether the default should be vacated must be resolved in the defaulting party's favor. *See Enron Oil Corp.*, 10 F.3d at 96.

#### 1. **Willfulness**

In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *OEC Freight (NY) Inc. v. Stanley Furniture Co.*, No. 20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Am. Alliance Ins., v. Eagle Ins.*, 92 F.3d 57, 60–61 (2d Cir. 1996)). The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence

of the litigation or entry of default." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (internal quotation marks omitted). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (internal quotation marks omitted).

  Here, I find that Defendants did not act willfully for two independent reasons. First, their failure to plead was due to a good-faith belief that settlement negotiations were proceeding and that the dispute could be resolved outside of court. *See, e.g.*, *Gonzalez v. City of New* York, 104 F. Supp. 2d 193, 196 (S.D.N.Y. 2000) (finding that the defendants did not act willfully where, as here, "defendants' counsel held the reasonable belief that the action would be settled"); *see also Richardson v. Nassau County*, 184 F.R.D. 497, 502 (E.D.N.Y. 1999) (finding that the defendants did not act willfully even though the defense attorney, despite having ample notice, failed to attend two settlement conferences, and violated the discovery deadline by more than six months). Guarantor averred that, when the defaults were entered, Defendants were focused on resolving this case out of court. (*See* Doc. 26 ¶ 3 ("Since Plaintiff filed its complaint in this action, in October 2022, and even before then, the parties have attempted to negotiate a workout that would also mean an effective resolution of this case. The Moving Defendants have been focused on this potential resolution.").) While Plaintiff makes much of the fact that Defendants failed to aver that settlement was imminent, (Reply in Support of Default at 9), that missing fact, at best, creates ambiguity as to whether the default was willful. The law is clear that when considering a motion to vacate a default judgment, I must resolve all ambiguity in favor of Defendants. *See Enron Oil Corp.*, 10 F.3d at 96.

Second, Defendants took prompt steps to correct their default.  Once made aware of the default, Defendants retained counsel, who filed an appearance and submitted a joint status letter within two weeks.  (Doc. 28 at 4.)  Such a prompt response suggests that Defendants did not act willfully, but rather fully intended on defending themselves in this suit.  *See Swarna v. Al–Awadi*, 622 F.3d 123, 142–43 (2d Cir. 2010) (holding that default was not willful where the defendants retained counsel one day after receiving the motion for default judgment and where counsel moved for an extension of time to respond one week later); *Peoples v. Fisher*, 299 F.R.D. 56, 59–60 (W.D.N.Y. 2014) (finding that the defendants did not act willfully where settlement discussions were ongoing between the parties and where, upon entry of default, the defendants immediately moved to vacate the default); *Tripmasters, Inc. v. Hyatt Int'l Corp.*, No. 82-CV-6792, 1984 WL 1057, at *3 (S.D.N.Y. Oct. 23, 1984) (vacating default judgment under the heightened standard for Rule 60(b) where the defaulting party "moved promptly to vacate the default judgment once it discovered that the judgment had been entered").  For these reasons, I find that Defendants did not act willfully.

### 2. Prejudice

The next factor that I must consider is whether the party who obtained the entry of default—here, Deutsche—would be prejudiced if I granted the motion to vacate.  "Delay alone does not establish the prejudice required to defeat a motion to vacate a default."  *See Adam v. GCT N.Y. LP*, No. 19-CV-5664, 2020 WL 68614, at *2 (S.D.N.Y. Jan. 6, 2020).  "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  Deutsche contends that "any further delay will be prejudicial to Plaintiff's eventual recovery."  (Motion for Default Judgement at 22.)  However, besides this

conclusory claim, Deutsche offers no support for this statement. Deutsche does not contend, for example, that if the default is set aside and the case allowed to proceed that the value of the Property would drop below the balance on the Note. The fact that Deutsche has already consented to one extension, (Doc. 40), supports my conclusion that it will not suffer prejudice were this suit to go forward.

### 3. Meritorious Defense

To make a sufficient showing of a meritorious defense, a defendant need not prove the defense conclusively. *See McNulty*, 137 F.3d at 740. A defendant must, however, present facts that if proven at trial, "would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. For that reason, defaulting defendants must "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). In the absence of a meritorious defense, a court may deny a motion to vacate a default. *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320–21 (2d Cir. 1986); *see, e.g.*, *Brown v. Gabbidon*, No. 06-CV-8148, 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007) (concluding that the defendant's "failure to articulate a meritorious defense dooms [his] motion" to vacate the entry of default); *Fashion Shop LLC v. Virtual Sales Grp. Corp.*, 525 F. Supp. 2d 436, 447 (S.D.N.Y. 2007) (concluding that the defendant's failure to establish a meritorious defense is "alone . . . sufficient to deny a motion to vacate a default judgment"); *Durso v. Mod. Food Ctr., Inc.*, No. 17-CV-7324, 2019 WL 2150424, at *13 (S.D.N.Y. May 17, 2019) (collecting cases).

Here, Defendants put forward only one defense: that Deutsche lacks standing to foreclose, i.e., a legal or equitable interest in the mortgage.[2] Where, as here, the defendant

---

[2] At oral argument, Defendants admitted that lack of standing was their "sole defense." (Tr. at 5:24–6:11.) In their papers, meanwhile, Defendants also "den[ied] Plaintiff's allegations," (Motion to Set Aside at 9), but this general

contests the plaintiff's standing, the plaintiff must "demonstrate that it was the holder or assignee of the mortgage and note when the action was commenced." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 29 (2d Cir. 2017). If a promissory note is "tendered to and accepted by an assignee, the mortgage passes as an incident to the note, but a transfer of the mortgage without the note is a nullity because a mortgage is merely security for a debt and cannot exist independently." *CIT Bank, N.A. v. Min*, No. 14-CV-6793, 2016 WL 11796306, at *3 (S.D.N.Y. Aug. 3, 2016) (internal quotation marks and alterations omitted). Accordingly, only the holder of the note has a right to the debt and can pursue the foreclosure of a mortgage.

Plaintiff has established its standing in two independent ways. First, Plaintiff has demonstrated that it physically possessed the Note at the time that this suit was filed. *See U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009) (holding that "physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation"). Indeed, Plaintiff attached to the Complaint a copy of the Note, which includes an allonge signed by Ana E. Rosu, Vice President at Citi, who endorsed the Note to Deutsche. (*See* Compl., Ex. 3.) Nothing more is required to establish standing. *See Wells Fargo Bank, N.A. v. 390 Park Ave. Assocs., LLC*, No. 16-CV-9112, 2018 WL 4373996, at *6 (S.D.N.Y. Sept. 12, 2018) ("Plaintiff was in possession of the Note when Plaintiff filed the action, as evidenced by the Note and Mortgage attached to the Complaint."); *E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111, 2016 WL 236221, at *3 (E.D.N.Y. Jan. 20, 2016) (concluding that motion to vacate was meritless where physical possession of the note prior to the commencement of the suit was established); *see also Deutsche Bank Nat. Trust Co. v. Whalen*, 969 N.Y.S.2d 82, 84 (2d

---

denial, without more, is insufficient to constitute a "meritorious defense," *see Sony Corp.*, 800 F.2d at 320–21 ("Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts.").

Dep't 2013) ("Since the plaintiff established its standing by physical delivery, we need not address the validity of the subsequently executed document assigning the mortgage and note.").

In arguing otherwise, Defendants insist that "it is impossible to determine whether [Deutsche] had physical possession prior to commencement of this action." (Motion to Set Aside at 10–12.) That argument, however, is hard to square with the fact that a copy of the Note was affixed as an exhibit to the Complaint. (Compl., Ex. 3); *see CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 196–97 (S.D.N.Y. 2018) ("Plaintiff attached a copy of the indorsed Note to the Certificate of Merit filed with the Complaint. . . . Therefore, Plaintiff was the holder of the Note at the time this Action commenced and has standing to foreclose on the Property."); *U.S. Bank Nat. Ass'n v. Saravanan*, 146 A.D.3d 1010, 1011 (2d Dep't 2017) ("[T]he plaintiff established its standing as the holder of the note by demonstrating that the note was in its possession prior to the commencement of the action, as evidenced by its attachment of the endorsed note to the summons and complaint at the time the action was commenced."); *see also Wells Fargo Bank, N.A. v. Landi*, No. 13-CV-5822, 2015 WL 5655810, at *3 (E.D.N.Y. Aug. 14, 2015) ("Because . . . Wells Fargo attached the Note and allonge to the Complaint, it has adequately demonstrated that the allonge was in existence upon commencement of this suit."), *report and recommendation adopted*, 2015 WL 5657358 (E.D.N.Y. Sept. 22, 2015).

The fact that the allonge is undated does not alter my conclusion. Courts have consistently held that whether an allonge is dated is "irrelevant" where the allonge and note are affixed to the complaint. *Bank of Am., N.A. v 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, *8 (E.D.N.Y. June 29, 2012); *see CIT Bank, N.A. v Mitchell*, No. 17-CV-1969, 2021 WL 54081, at *2 (E.D.N.Y. Jan. 6, 2021) ("An allonge need not be dated in order to effectuate a transfer of the note."); *Wells Fargo Bank,* 2015 WL 5655810, at *2 (concluding that because

"Wells Fargo attached the Note and [undated] allonge to the Complaint, it has adequately demonstrated that the allonge was in existence upon commencement of this suit.").

Moreover, Deutsche has also established standing by showing that the Note was assigned to it. *See Wells Fargo Bank*, 2018 WL 4373996, at *7 ("Even if Plaintiff could not establish its prima facie case via physical possession, it can establish its prima facie case based on written assignment."). The language of the Assignment leaves no doubt that Deutsche was the assignee of the Note. It provides that Citi "grant[s], bargain[s], sell[s], convey[s], assign[s], transfer[s]" all of its "right, title and interest . . . in and to the *subject note(s)* and loan documents, and including that of mortgagee, beneficiary, payee, assignee or secured party . . . in and . . . to the . . . [Mortgage]." (Compl., Ex. 11 (emphasis added).). Because this language unmistakably "shows the intention of the owner of a right to transfer [the Note and Mortgage]," it is sufficient to assign both the Note and the Mortgage to Deutsche. *Deutsche Zentral-Genossenchaftsbank AG v. HSBC N. Am. Holdings, Inc.*, No. 12-CV-4025, 2013 WL 6667601, at *17 (S.D.N.Y. Dec. 17, 2013); *see also U.S. Bank Nat. Ass'n v. Akande*, 26 N.Y.S.3d 164, 167 (2016) (upholding written assignment of a note that stated, "GreenPoint did 'grant, sell, assign, transfer and convey' to PNB 'all beneficial interest under [the mortgage] . . . together with the note(s) and obligations therein described'" (alterations omitted)); *U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-CV-5484, 2011 WL 4582484, at *7 (S.D.N.Y. Oct. 3, 2011) ("Written assignment of the underlying note can be accomplished by a written reference to the note within the mortgage assignment."), *aff'd*, 504 F. App'x 30 (2d Cir. 2012).

Nonetheless, Defendants speculate that Ana Rosu, the signatory on the Assignment, did not have authority to transfer the Note. (Motion to Set Aside at 13.) However, Defendants offer no evidence to support their contention. *See Enron Oil Corp.*, 10 F.3d at 98 ("A defendant

11

seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense."). Defendants instead speculate that a difference in how her names appear on the Allonge ("Ana Rosu") as opposed to the Assignment ("Ana Rosu Marmann") invalidates the assignment. However, the difference in the names does not show that either document is invalid. Moreover, the case Defendants cite to in support of this speculative contention—*OneWest Bank FSB v. Prestano*, 26 N.Y.S.3d 725 (N.Y. Sup. Ct. 2015)—is inapposite. There, the signatory signed two different allonges, in two different capacities, on behalf of two different entities. *Id.* at *5–7. Nothing of the sort happened here. Whether the signatories are the same or different individuals, there is no evidence that either lacked authorization to execute the documents on behalf of Citi.

In a last-ditch effort to demonstrate a meritorious defense, Defendants speculate that there is a "crucial gap in the chain of conveyances of the Note." (Motion to Set Aside at 14.) However, at oral argument Defendants conceded that they had no evidence to support their position. (*See* Tr. at 17:11 ("[Court:] Is there evidence of a gap?" "[Mr. Mandell:] The [D]efendants don't have evidence that there is a gap in the transfer.").) That concession is consistent with the exhibits demonstrating that the lender that originated the Loan—Citi—made the Assignment directly to Deutsche. (Compl., Exs. 2, 11.) Accordingly, Defendants have failed to meet the standard for a meritorious defense.

After balancing the Rule 55(c) factors and keeping in mind "whether the entry of default would bring about a harsh or unfair result," *Enron Oil Corp.*, 10 F.3d at 96, I find that Defendants have not established good cause to set aside the entry of default. My decision to deny the motion does not "sidestep" Second Circuit's preference for cases to be resolved on the

merits; it "accelerates" it. *Beyonics Int'l PTE LTD. v. Smith*, No. 3:19-CV-926, 2019 WL 13222942, at *4 (D. Conn. Dec. 16, 2019), *aff'd*, 833 F. App'x 492 (2d Cir. 2020).

### C. *Motion to Substitute*

ARCPE moves to substitute it in place of Deutsche in this action and to amend the caption to reflect the same. (Doc. 50.) Substitution of parties upon transfer of an interest is governed by Federal Rule of Civil Procedure 25(c). *See* Fed. R. Civ. P. 56(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."). "Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995). "The purpose of Rule 25(c) is to allow a case to continue even when an interest changes hands without requiring a new suit because the successor in interest is bound by a judgment against its predecessor even if substitution is not effected." *U.S. Sec. and Exch. Comm'n v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). Defendants do not oppose the motion.[3]

Here, substitution is warranted because Deutsche transferred all its right, title, and interest in the Loan to ARCPE. (Doc. 52.) ARCPE attached a copy of the written assignment as an exhibit, (Doc. 51, Ex. 2), which is sufficient to show that ARCPE "holds the requisite interest in this action," *CIT Bank, N.A. v. Covino*, No. 17-CV-9579, 2022 WL 4234575, at *6 (S.D.N.Y. Sept. 14, 2022) (internal quotation marks omitted); *see also U.S. Sec. & Exch. Comm'n*, 451 F.

---

[3] Although not necessary to my ultimate conclusion that Defendants failed to proffer a meritorious defense, it is surprising that Defendants challenge Deutsche's standing to bring this suit, but do not oppose the substitution of ARCPE as Plaintiff on similar grounds, because if Deutsche were not the holder of the Mortgage and Note, it would have no interest to convey to ARCPE.

13

Supp. 3d at 297–98 ("Courts will frequently grant substitution where a party has fully transferred its interest to another person or entity."). I therefore conclude that substitution will expedite this action. Accordingly, ARCPE's motion to substitute is GRANTED.

### III. Conclusion

For these reasons, Defendants' motion to vacate the default is DENIED, Deutsche's motion for default judgment is GRANTED, and ARCPE motion to substitute is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 25 and 50 and to substitute ARCPE 1 LLC as Plaintiff in this case.

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge